UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5: 24-344-DCR |
| V. | ) ) | |
| DIAMOND SMOKE LLC, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff GS Holistic LLC's ("GS") motion to strike [Record No. 14] certain affirmative defenses raised in Defendants' Diamond Smoke LLC, Puff-N-Buzz Smoke Shop, LLC, and Abdelrahman Mohammed (the "defendants") Answer to the Complaint [Record No. 10]. For the foregoing reasons, the motion will be granted, in part, and denied, in part.

**I.**

This case arises from GS's claims of trademark infringement and counterfeiting, false designation of origin, and unfair competition against the defendants. [Record No. 1] According to the Complaint, GS has marketed and sold products using the trademark "Stündenglass" since 2020. [*Id.*, ¶ 9] GS claims that, among other transgressions, the defendants unlawfully sell knockoff "Stündenglass" branded products made with inferior materials. The defendants filed an Answer on March 7, 2025, raising several affirmative defenses relevant to the present dispute, including: (2) lack of standing, (8) actions of third parties, (9) unclean hands, estoppel, acquiescence, laches, or waiver, (11) statute of limitations, (12) allegations the relief requested

is not recoverable, (13) damages are barred by 15 United States Code § 1111, and (14) a reservation of the right to amend pleadings. [Record No. 10, pp. 4-6]

Thereafter, GS moved to strike those affirmative defenses, alleging they are improper for various reasons. [Record No. 14] The defendants fume that GS's motion to strike "is nothing more than a vexatious tactic consistent with [the] [p]laintiff's practice in other similar cases—resulting in largely unnecessary and unproductive work for [the] [d]efendants and the Court." [Record No. 15, p. 3] They further note that GS has filed over 900 similar lawsuits across the country in the past three years, many of which also involved motions to strike filed by the plaintiff. [*Id.*, p. 3; n.4] Accordingly, they claim the present motion is nothing more than smoke and mirrors. The undersigned will advise the plaintiff, that going forward, motions the Court views as frivolous or unnecessary are highly discouraged, and will potentially subject GS and its counsel to *discipline and/or sanctions*. And the Court is not merely blowing smoke with this warning.

## II.

Rule 8(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Next, Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter … on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).

Two potential standards apply to the Court's review of affirmative defenses—the "fair notice" standard and the "plausibility" standard. *Compare Lawrence v. Chabot*, 182 F. App'x

442, 456 (6th Cir. 2006) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense."), *with Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief."). The parties agree that while several other district courts within this Circuit have applied *Twombly's* plausibility standard to affirmative defenses, "[t]he courts in the Eastern and Western Districts of Kentucky so far have chosen to use the more lenient fair notice standard for pleading affirmative defenses." *See United States v. Assocs. in Eye Care, P.S.C.*, No. 13-CV-27, 2014 WL 12606508, at *1 (E.D. Ky. Nov. 14, 2014). Having considered the parties' respective positions, the Court will follow suit and apply the more lenient "fair notice" standard in the absence of a post-*Twombly* determination from the United States Court of Appeals for the Sixth Circuit.

## III.

Under the fair notice standard, affirmative defenses that simply state the existence of a defense in general terms are sufficient as long as they provide the plaintiff fair notice of the defense and comport with the law and the spirit of Rule 8. *Tomlin v. City of Eubanks*, No. 22-CV-002, 2022 WL 16707970, at *1 (E.D. Ky. Nov. 4, 2022) (quoting *Artisan Estate Homes, LLC v. Hensley Custom Building Group, LLC*, No. 1: 19-cv-566, 2022 WL 2915586, at *7 (S.D. Ohio July 25, 2022). Further, "[m]otions to strike are generally disfavored 'because they potentially serve only to cause delay.'" *Assocs. in Eye Care*, 2014 WL 12606508, at *1 (quoting *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 689 (N.D. Ohio 2010)).

The Sixth Circuit has "expressed strong reluctance to grant" motions to strike and has even "denied a motion to strike when a defendant's affirmative defense was a one sentence

conclusory statement that 'the plaintiff's claims were barred by the doctrine of res judicata.'" *ZMCC Props., LLC v. Primeone Ins. Co.*, No. 19-12428, 2019 WL 11648517, at *2 (E.D. Mich. Dec. 19, 2019) (cleaned up).

### Defense 2: Standing

GS correctly alleges that a lack of standing is not an affirmative defense under federal law. "Standing is not an affirmative defense that must be raised as risk of forfeiture." *Lindenbaum v. Energy Servs. Providers, Inc.*, No. 1:21-CV-00764, 2021 WL 3036505, at *4 (N.D. Ohio July 19, 2021) (quoting *Community First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994)). Because the defendants have not yet alleged outside of the Answer that GS lacks standing, and the Complaint adequately alleges an injury in-fact that is (1) concrete and particularized, (2) actual, and fairly traceable to the defendants' challenged actions, and (3) likely, affirmative defense 2 will be stricken. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992) (defining standing). However, the defendants are not foreclosed from challenging or questioning standing outside of their Answer, because the issue strikes at the heart of the Court's jurisdiction and is paramount to any case or controversy in federal court.

### Defense 8: Actions of Third Parties

GS argues that Affirmative Defense 8 should be stricken because "it does not provide fair notice … since it fails to state who the third parties are and which conduct of the third parties is at issue." [Record No. 14, p. 5] However, the defendants have provided sufficient and fair notice that they may argue damages were the result of actions by third parties for which the defendants are not liable. That is all that is required at this premature stage of the litigation.

### Defense 9: Unclean Hands, Estoppel, Acquiescence, Laches, or Waiver

GS next contends that Affirmative Defense 9 should be stricken because it combines multiple defenses under one heading and is "confusing" as a result. While the defenses are not technically broken out into separate paragraphs, it appears GS (hopefully) understands what they are, which is all that is necessary under the fair notice standard. Accordingly, they will not be stricken. *See Artisan Homes*, 2022 WL 2915586, at *10 (allowing similarly combined affirmative defenses to stand).

### Defense 11: Statute of Limitations

GS advances substantive arguments regarding the statute of limitations and why the Complaint is timely. However, at this stage, the Court is merely asked to evaluate whether "fair notice" of an affirmative defense was provided. Here, it was. Without any discovery, or any substantive adversarial briefing, the Court will not strike the affirmative statute of limitations defense.

### Defense 12: The Relief Requested is Unrecoverable

GS also argues that statutory remedies govern the relief it seeks; therefore, an affirmative defense that challenges inapplicable relief should be stricken. In this case, the affirmative defense challenges any relief to the extent that it is not recoverable for the claims raised. In the Complaint, GS requests multiple types of relief, including a request that the Court "find[s] this case to be an exceptional case" in addition to other general requests. [Record No. 1, p. 18] In light of the "fair notice" standard (that the Court has now beat more than a dead horse) and the potential for some relief in the Complaint to fall outside of remedies available by statute, this affirmative defense will not be stricken.

### Defense 13: Damages Barred by 15 United States Code § 1111

Finally, GS argues that employing 15 U.S.C. § 1111 as an affirmative defense is improper because the statute provides a limitation of remedies, and not an affirmative defense. On the basis that a well-reasoned Kentucky federal district court opinion previously determined that "[s]ection 1111 can limit remedies in a trademark infringement action but cannot actually defeat a claim of trademark infringement [and] … any defense based upon this section is legally insufficient to be an affirmative defense[,]" the Court will strike affirmative defense 13. *See Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, Civil Action No. 1: 07-0185, 2011 WL 3159177, at *5 (W.D. Ky. July 26, 2011). The undersigned notes, however, that the decision to strike Affirmative Defense 13 does not prevent the defendants from later attempting to utilize the section to "limit remedies in [this] trademark infringement action." *Id*.

### Defense 14: Reservation of the right to amend pleadings.

The defendants have acknowledged that the right to amend pleadings in the future is not an affirmative defense, and it will be stricken. The Court further notes the timeline for the parties to amend pleadings is outlined in the Scheduling Order.

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff GS Holistic LLC's Motion to Strike [Record No. 14] is **GRANTED**, in part, and **DENIED**, in part, consistent with this Memorandum Opinion and Order.

Dated: May 12, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky