**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| **GS HOLISTIC, L.L.C.** | |
| **PLAINTIFF** | **<u>DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER DISCOVERY</u>** |
| **v.** | |
| **DIAMOND SMOKE LLC d/b/a PUFF N GO VERSAILLES et al.** | **CASE NO. 5:24-CV-344-DCR** |
| **DEFENDANTS** | ***ELECTRONICALLY FILED*** |

*** *** ***

Come the Defendants, Diamond Smoke LLC d/b/a Puff N Go Versailles ("Diamond Smoke"), Puff-N-Buzz Smoke Shop LLC d/b/a Puff N Go Smoke Shop ("Puff-N-Buzz"), and Abdelrahman Mohammed ("Mohammed")(collectively "Defendants"), by and through the undersigned counsel, and move for an extension of time to respond to Plaintiff's First Interrogatories to Defendant Mohammed, Plaintiff's First Requests for Production of Documents to Diamond Smoke, and Plaintiff's First Requests for Production of Documents to Puff-N-Buzz.

Plaintiff served discovery requests on Defendants on June 2, 2025. Thereafter, the parties corresponded regarding potential settlement of the claims and arranging pre-discovery mediation as a means of conserving time and resources. As documented in the attached correspondence, counsel for Plaintiff communicated with a mediator about potential dates in July. (See attached Ex. A.[1]) In anticipation of conducting mediation in July, the parties agreed on an extension of time to answer discovery to July 31. In the interim, (1) one of Plaintiff's attorneys (Getz) left her

[1] Some e-mails also make reference to a separate case by the same Plaintiff pending in the Western District of Kentucky. Those are irrelevant here and can be disregarded.

firm and responsibility transitioned to another attorney (Perry), with whom Defendants' counsel corresponded with respect to prior discussions regarding mediation and postponement of discovery activity to accommodate it, and (2) Defendants' counsel learned that Mohammed would be need to be out of the country from July 15 to mid-August. Defendants' counsel notified Plaintiff of this development on July 8, asking for coordination on potential mediation dates in August and an agreement on a further discovery extension. On July 29, Defendants' counsel followed up with substantially the same message. On July 30, Plaintiff's counsel responded by indicating that his client may no longer be interested in mediation before receiving discovery. Defendants' counsel then tried to clarify as to the request for a discovery extension, but no response has been provided.

Defendants therefore move the Court for an extension of time to answer the pending discovery. Given that Mohammed is out of the country for another two weeks, and that Plaintiff appears to have recently reconsidered its willingness to engage in mediation before receiving discovery responses, Defendants believe there is just cause for an extension. Defendants request an extension to September 15, 2025, and ask the Court to enter their tendered order.

Respectfully submitted:

*/s/ Kenneth A. Bohnert*
Kenneth A. Bohnert – kbohnert@cssattorneys.com
Bradley R. Palmer – bpalmer@cssattorneys.com
CONLIFFE, SANDMANN & SULLIVAN, PLLC
325 W. Main St., Suite 250
Louisville, Kentucky 40202
502-587-7711
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

It is hereby certified that on July 31, 2025, a complete copy of the foregoing document, with any exhibits, was electronically served upon Zachary J. Smith, Esq., P.O. Box 98886, Ft. Thomas, Kentucky, 41075, zjsmithlaw@protonmail.com, serv610@legalbrains.com.

*/s/ Kenneth A. Bohnert*
Kenneth A. Bohnert